AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
By:    ALINE R. FLODR
       STEPHANIE LAKE
       SHEB SWETT
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, New York 10007
       (212) 637-6522

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

                Plaintiff,

      -v.-

$12,350,565.35 IN UNITED STATES
CURRENCY FORMERLY CONTAINED IN
MORGAN STANLEY ACCOUNT 654-071515,
HELD IN THE NAME OF "HAMPUS ASSETS,
INC.,"

and

$10,849,434.65 IN UNITED STATES
CURRENCY FORMERLY CONTAINED
IN MORGAN STANLEY ACCOUNT 654-
072401, HELD IN THE NAME OF "KAUNAS
ASSETS CORP.,"

          Defendants-*in-rem.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**STIPULATION AND ORDER**
**OF SETTLEMENT**

20 Civ. 9177 (GBD)

1

GEORGE B. DANIELS, District Judge:

This Stipulation and Order ("Stipulation") is entered into by and among Hampus Assets, Inc. ("Hampus") and Kaunas Assets Corp. ("Kaunas" and collectively, "the Entities") and the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorneys Aline R. Flodr, Stephanie Lake and Sheb Swett, of counsel (the "United States").

WHEREAS, on or about November 2, 2020, the United States filed a Verified Complaint seeking to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(A), the following funds (the "Forfeiture Complaint"), which were seized on August 8, 2019 by agents of the United States Drug Enforcement Administration ("DEA") in connection with the DEA's investigation into a narcotics-proceeds money-laundering operation

a. $12,350,565.35 in United States currency formerly contained in Morgan Stanley account 654-071515, held in the name of "Hampus Assets, Inc."; and

b. $10,849,434.65 in United States currency formerly contained in Morgan Stanley account 654-072401, held in the name of "Kaunas Assets Corp." (the "Kaunas Account)

(1.a through 1.b collectively, the "Defendants *in-rem*").

WHEREAS, the DEA simultaneously seized additional funds from the Kaunas Account (the "Additional Funds");

WHEREAS, this Stipulation is being entered into solely for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation, and that nothing contained in this Stipulation shall constitute an admission of liability or fault on the part of the Entities or their owners, principals, partners, officers, employees, and beneficiaries, who

2

expressly deny any fault, liability, or wrongdoing.

WHEREAS, the United States and the Entities have agreed to settle the allegations in the Forfeiture Complaint without further litigation on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED, by and between Audrey Strauss, Acting United States Attorney for the Southern District of New York, by and through Assistant United States Attorneys Aline R. Flodr, Stephanie Lake, and Sheb Swett, and Hampus and Kaunas, by and through their attorney, Jeff Kern, that:

1.    Hampus and Kaunas hereby consent to the forfeiture to the United States of the Defendants *in-rem*.

2.    Upon entry of a Judgment of Forfeiture as to the Defendants *in-rem*, the United States shall promptly transfer the Additional Funds in the manner directed by Kaunas consistent with a United States Marshals Service ("USMS") Vendor Request Form to be completed by Kaunas.

3.    The Entities are hereby barred from asserting, or assisting others in asserting, any claim against the United States of America ("USA"), the DEA, the Department of Justice ("DOJ"), the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY"), the USMS or any agents and employees of the USA, the DEA, the DOJ, the USAO-SDNY, or the USMS in connection with or arising out of the seizure, restraint, and/or constructive possession of the Defendants *in-rem* and the Additional Funds, including, but not limited to, any claim that there was no probable cause to seize and/or forfeit the Defendants *in-*

*rem* and Additional Funds, that Hampus or Kaunas is a prevailing party, or that the Entities are entitled to attorney's fees or any award of interest.

4.      The Entities represent that they are the only owners of the Additional Funds, and agree to hold harmless the USA, the DEA, the DOJ, the USAO-SDNY, and the USMS as well as any and all employees, officers, and agents of the USA, the DEA, the DOJ, the USAO-SDNY, and the USMS from any and all claims in connection with or arising out of the seizure, restraint, and/or constructive possession of the Additional Funds, including but not limited to any third-party claims of ownership of the Additional Funds.

5.      The Entities, and their owners and principals, hereby agree to conduct reasonable due diligence on future deposits in any financial account under their control to ensure that the funds do not derive from criminal sources. This due diligence will include a reasonable investigation as to both the source of the funds and the means by which the funds are transferred to any such account. Additionally the Entities, and their owners and principals, hereby agree that they will not conduct any cross-border money transfers by means of unlicensed money services businesses, unregulated currency exchanges, or any informal financial networks, directly or indirectly, or facilitate any such transfers on behalf of others, regardless of whether those transactions are conducted for business purposes or as part of a money services business. The authorized representative of the Entities signing this Stipulation and Order on their behalf hereby certifies that all current owners and principals of the Entities have been advised of and have agreed to abide by the commitments and restrictions set forth in this paragraph. The Entities shall further require that any future owners and principals of the Entities agree to abide by the commitments and restrictions set forth in this paragraph.

4

6.      The Entities hereby agrees to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

7.      Each party shall bear its own costs and attorney's fees.

8.      This Stipulation and Order may be executed in counterparts, each of which shall constitute an original as against the party whose signature appears on it. All executed counterparts shall be deemed to be one and the same instrument. This Stipulation and Order shall become binding when one or more counterparts, individually or taken together, bears the signature of all parties.

9.      A facsimile or electronic image of the original signature of any party executing this Stipulation and Order shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

[THE REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
Attorney for the United States

By: _____                    _____11/4/2020_____
     ALINE R. FLODR                                                         DATE
     STEPHANIE LAKE
     SHEB SWETT
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     (212) 637-6522


HAMPUS ASSETS INC.
KAUNAS ASSETS CORP.

_____                         ____11/4/20____
CHARLES KREINDLER                                              DATE


By: _____                    ____11/4/20____
     JEFF KERN, ESQ.                                              DATE
     Sheppard Mullin
     30 Rockefeller Plaza
     New York, NY 10112
     212-634-3075
     *Attorney for Hampus Assets Inc. and Kaunas Assets Corp.*


SO ORDERED:


_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK


6